NF

**FILED**

JUN 1 2 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **12CR 446** |
| | ) | No. |
| v. | ) | |
| | ) | Violations: Title 18, United States Code |
| MICHELE DICOSOLA | ) | Sections 1344, 1014, 1343, 287, 152(3), |
| | ) | and 2 |

JUDGE LEINENWEBER

**COUNT ONE**          MAGISTRATE JUDGE SCHENKIER

The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:

1.      At times material to this Indictment:

(a)      Amcore Bank, which had an office in Wheaton, Illinois, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC");

(b)      Citigroup, a financial institution, was a depository institution holding company and a bank holding company. Citigroup had an office in Chicago, Illinois;

(c)      CitiMortgage, a subsidiary of Citigroup, was in the mortgage-lending business;

(d)      Defendant MICHELE DICOSOLA (hereinafter "DICOSOLA") and his wife owned a residence on Thrasher Street in Bloomingdale, Illinois (the "Bloomingdale Residence");

(e)      DICOSOLA co-owned a business called CD Shape Cutters, which had an office in Roselle, Illinois. DICOSOLA was the President of CD Shape Cuttters;

(f)     Lenders such as Amcore Bank and CitiMortgage required applicants for loans to provide truthful information, including information regarding the applicant's employment, income, assets, and financial condition, which information was material to the approval, terms, and funding of the loans;

(g)     The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury. Taxpayers who were entitled to a refund of federal individual income taxes could claim that refund by, among other methods, electronically filing or mailing a U.S. Individual Income Tax Return Form 1040 ("Form 1040") to the IRS;

(h)     IRS Form 1099-OID ("Form 1099") allowed taxpayers to report the original issue discount of original issue discount ("OID") obligations, such as certificates of deposit, time deposits, bonds, bonus savings plans, and Treasury inflation indexed securities, having a term of more than one year. The income attributable to an OID obligation was the excess of the stated redemption of the obligation at maturity over its issue price. Such income was taxable as interest over the life of the obligation, and was required to be included in the holder's gross income each taxable year that the obligation was held. Taxpayers were required to report interest earned from OID obligations on IRS Schedule B when filing tax returns; and

(i)     The IRS relied upon information from the Form 1040 in calculating individual income taxes, and determining and issuing taxpayer refunds. After receiving such information, the IRS would issue a refund to the taxpayer if there were no outstanding tax

liabilities or other federally authorized deductions on record with the IRS.

2.     Beginning in or about June 2008 and continuing until in or about July 2010, at Wheaton, in the Northern District of Illinois, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud Amcore Bank, and to obtain money under the custody and control of Amcore Bank by means of materially false and fraudulent pretenses and representations, as further described below.

3.     It was a part of the scheme that in or about July 2008, DICOSOLA, as President of CD Shape Cutters, submitted to Amcore Bank an application for business loans for CD Shape Cutters in the amount of $250,000 and $450,000.

4.     It was further part of the scheme that in order to induce Amcore Bank to approve the loan application, DICOSOLA: (a) submitted and caused to be submitted to Amcore Bank as proof of income purported Form 1040 tax returns for 2006 and 2007 that represented that DICOSOLA and his wife had in excess of $300,000 in adjusted gross income in both 2006 and 2007, well knowing at the time that these purported tax returns were false; and (b) submitted and caused to be submitted to Amcore Bank as proof of income purported Form 1120S business tax returns for CD Shape Cutters for 2006 and 2007 that represented that CD Shape Cutters had in excess of $300,000 in business income in 2006 and in excess of $500,000 in business income in 2007, well knowing at the time that these

3

purported tax returns were false.

5.    It was further part of the scheme that by the representations set forth above, DICOSOLA induced Amcore Bank to approve and fund both business loans (hereinafter the "Amcore business loans"). DICOSOLA personally guaranteed full and punctual payment on the Amcore business loans.

6.    It was further part of the scheme that DICOSOLA failed to make monthly payments on the Amcore Bank loans and defaulted on the loans, causing Amcore Bank to sustain a loss.

7.    It was further part of this scheme that defendant DICOSOLA did misrepresent, conceal, hide, and cause to be misrepresented, concealed and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

8.    On or about July 9, 2008, at Wheaton, Illinois, in the Northern District of Illinois, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly executed and attempted to execute the above-described scheme by fraudulently causing Amcore Bank to fund a business loan in the amount of $250,000;

In violation of Title 18, United States Code, Section 1344.

4

## COUNT TWO

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    The allegations set forth in paragraphs One through Seven of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.    On or about July 9, 2008, at Wheaton, Illinois, in the Northern District of Illinois, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing Amcore Bank to fund a business loan in the amount of $450,000;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      The allegations set forth in Paragraph 1(a), (d), (e) and (f) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.      On or about July 3, 2008, at Wheaton, Illinois, in the Northern District of Illinois, and elsewhere,

### MICHELE DICOSOLA,

defendant herein, knowingly made and caused to be made a false statement and report to Amcore Bank for the purpose of influencing the bank to fund two business loans to DICOSOLA. Specifically, the defendant submitted and caused to be submitted to Amcore Bank purported Form 1040 tax returns for 2006 and 2007, which falsely inflated the adjusted gross income of DICOSOLA and his wife, and purported Form 1120S business tax returns for CD Shape Cutters for 2006 and 2007 that falsely inflated the business income of CD Shape Cutters, well knowing at the time that the purported tax returns were false;

In violation of Title 18, United States Code, Section 1014.

6

## **COUNT FOUR**

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      The allegations set forth in Paragraph 1(b), (c), (d), and (f) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.      Beginning in or about August 2008 and continuing until in or about January 2010, at Schaumburg, in the Northern District of Illinois, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations, which scheme affected a financial institution, and in furtherance thereof, used an interstate wire transmission, as further described below.

3.      It was a part of the scheme that in or about August 2008, defendant DICOSOLA submitted to CitiMortgage an application for a loan in the amount of $417,000 to refinance a mortgage loan owed on the Bloomingdale Residence, and an application for a home equity loan in the amount of $263,000.

4.      It was further part of the scheme that in order to induce CitiMortgage to approve the loan application, DICOSOLA: (a) submitted and caused to be submitted to CitiMortgage as proof of income purported Form 1040 tax returns for 2006 and 2007 that represented that DICOSOLA and his wife had in excess of $300,000 in adjusted gross income in both 2006 and 2007, well knowing at the time that these purported tax returns were

false; and (b) submitted and caused to be submitted to CitiMortgage as proof of income purported Form 1120S business tax returns for CD Shape Cutters for 2006 and 2007 that represented that CD Shape Cutters had in excess of $300,000 in business income in 2006 and in excess of $500,000 in business income in 2007, well knowing at the time that these purported tax returns were false.

5.     It was further part of the scheme that in order to facilitate the obtaining of the loans from CitiMortgage, DICOSOLA falsely stated in a loan application that DICOSOLA had income of more than $21,000 per month.

6.     It was further part of the scheme that through the false representations set forth above, DICOSOLA induced CitiMortgage to approve and fund both the mortgage loan and the home equity loan (hereinafter the "CitiMortgage home loans").

7.     It was further part of the scheme that DICOSOLA failed to make monthly payments on the CitiMortgage home loans and defaulted on the loans, causing CitiMortgage to sustain a loss.

8.     It was further part of this scheme that defendant DICOSOLA did misrepresent, conceal, hide, and cause to be misrepresented, concealed and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

9.     On or about September 15, 2008, at Roselle, Illinois, in the Northern District of Illinois, and elsewhere,

MICHELE DICOSOLA,

defendant herein, for the purpose of executing the above-described scheme and attempting

8

to do so, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: Form 1040 tax returns for 2006 and 2007 that represented that DICOSOLA and his wife had in excess of $300,000 in adjusted gross income in both 2006 and 2007, sent by interstate facsimile transmission from Roselle, Illinois, to a location outside the state of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      The allegations set forth in Paragraph 1(d), (e), (g), (h), and (i) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.      On or about September 15, 2009, at Bloomingdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHELE DICOSOLA,

defendant herein, caused to be presented to the IRS a claim upon and against the United States Department of Treasury, IRS, namely, a 2008 Form 1040 income tax return in the name of MICHELE DICOSOLA claiming a federal income tax refund in the amount of $5,506,099, knowing that the claim was false, fictitious and fraudulent, in that the tax return falsely indicated that the DICOSOLA was entitled to a tax refund in the amount of $5,506,099;

In violation of Title 18, United States Code, Section 287.

## COUNT SIX

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     The allegations set forth in Paragraph 1(d), (e), (g), (h), and (i) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about September 15, 2009, at Bloomingdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHELE DICOSOLA,

defendant herein, caused to be presented to the IRS a claim upon and against the United States Department of Treasury, IRS, namely, a 2008 Form 1040 income tax return in the name of Taxpayer P.W. claiming a federal income tax refund in the amount of $385,539, knowing that the claim was false, fictitious and fraudulent, in that the tax return falsely indicated that Taxpayer P.W. was entitled to a tax refund in the amount of $385,539;

In violation of Title 18, United States Code, Sections 287 and 2.

**COUNT SEVEN**

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      The allegations set forth in Paragraph 1(d) and (e) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.      On or about June 14, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly and fraudulently made a material false declaration, verification, and statement under penalty of perjury, as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, specifically *In re: Michele DiCosola and Paula DiCosola*, case number 10 B 26915, in that:

a.      Question number 11 of the Statement of Financial Affairs, which was submitted in connection with DICOSOLA's Chapter 13 Petition for Bankruptcy, required DICOSOLA to "list all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case." In response, DICOSOLA checked the box for "None," when in truth and fact, as he then well knew, he had closed financial accounts at Bank of America, Citibank and TCF Bank within one year prior to his bankruptcy filing; and

b.      Question number 18 of the Statement of Financial Affairs, which was submitted in connection with DICOSOLA's Chapter 13 Petition for Bankruptcy, required

12

DICOSOLA to "list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self -employed in a trade, profession or other activity either full- or part-time within six years immediately preceding the commencement of this case." DICOSOLA checked the box for "None," when in truth and fact, as he then well knew, he had been an officer, director, partner, and managing executive of CD Shape Cutters, Xtreme Music, Inc., Fight Foreclosure Fraud LLC, and the Money Consultants, Inc., within six years prior to his bankruptcy filing;

In violation of Title 18, United States Code, Section 152(3).

13

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     The allegations set forth in Paragraph 1(d) and (e) of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about November 2, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHELE DICOSOLA,

defendant herein, knowingly and fraudulently made a material false declaration, verification, and statement under penalty of perjury, as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, specifically *In re: Michele DiCosola*, case number 10 B 49437, in that:

a.     Question number 11 of Statement of Financial Affairs of the Statement of Financial Affairs, which was submitted in connection with DICOSOLA's Chapter 15 Petition for Bankruptcy, required DICOSOLA to "list all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case."  In response, DICOSOLA checked the box for "None," when in truth and fact, as he then well knew, he had closed financial accounts at Bank of America and TCF Bank within one year prior to his bankruptcy filing; and

b.     Question number 18 of the Statement of Financial Affairs, which was submitted in connection with DICOSOLA's Chapter 15 Petition for Bankruptcy, required

DICOSOLA to "list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self -employed in a trade, profession or other activity either full- or part-time within six years immediately preceding the commencement of this case." DICOSOLA listed "CD Shape Cutters" but did not list any other businesses, when in truth and fact, as he then well knew, he had been an officer, director, partner, and managing executive of CD Shape Cutters, Xtreme Music, Inc., Fight Foreclosure Fraud LLC, and the Money Consultants, Inc., within six years prior to his bankruptcy filing;

In violation of Title 18, United States Code, Section 152(3).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2011-1 GRAND JURY further alleges:

1.    The allegations of Counts One through Four and Seven through Eight are incorporated here by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461.

2.    As a result of his violations of Title 18, United States Code, Sections 152, 1014 1343, and 1344 , as alleged in this indictment,

MICHELE DICOSOLA,

defendant herein, has subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461, any and all right, title, and interest he may have in any property, real and personal, constituting and derived from proceeds traceable to the charged offenses.

3.    The interests of defendant subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c) include but are not limited to: $1,380,000.

4.    If any of the forfeitable property described above, as a result of any act or omission by defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

16

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided
without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and

Title 28, United States Code, Section 2461.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

17