## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

UNITED STATES OF AMERICA

PLAINTIFF

Vs

MICHELE DI COSOLA

**FILED** NDANT

JUL 2 3 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

**DEFENDANT'S MOTION TO ENLARGE TIME TO FILE REQUEST FOR RULE 7(f) BILL OF PARTICULARS AND TO COMPEL COMPLIANCE OF RELEASE OF RULE 16.1 DISCOVERY AND INSPECTION AND MEMORANDUM IN LAW OF SUPPORT THEREOF**

HON. MAGISTRATE JUDGE SCHENKIER
HON. JUDGE LEINENWEBER

Case No.:12CR0446
Date: July 18, 2012

## DEFENDANT'S MOTION TO ENLARGE TIME TO FILE REQUEST FOR RULE 7(f) BILL OF PARTICULARS AND TO COMPEL COMPLIANCE OF RELEASE OF RULE 16.1 DISCOVERY AND INSPECTION AND MEMORANDUM IN LAW OF SUPPORT THEREOF

**NOW COMES**, Michele, on behalf of the Defendant MICHELE DI COSOLA, and moves this

Honorable Court for the entry of an Order granting Defendant its "Motion to Enlarge Time to File

Request for Bill of Particulars and to Compel Compliance of Release of Rule 16.1 Discovery and

Inspection", stated herein, and in support thereof, states as follows:

### I.      FACT

1.     That on June 29, 2012, the Hon. Magistrate Sidney I. Schenkier, entered an Order for:

Rule 16.1 conference to be held by July 6, 2012; and pretrial motions due by July 20,

2012; with responses due by July 27, 2012; and matters set for hearing on July 31,

2012. (See **Supporting Exhibit "A"-Order**.   Incorporated herein by reference as

Page **1** of **14**

though fully set forth within.)

## II. ARGUMENT

2.  That defendants' has timely requested on several occasions a request from its counsel of record to timely submit the Hon. Court Ordered Rule 16.1 "Discovery and Inspection" within the scheduled July 6, 2012 Conference date and a Rule 7(f) "Request for Bill of Particulars" within the FRCP 14 day deadline date without leave.

3.  That pursuant to Fed. R. Crim. P. Rule 7(f), "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."

4.  That pursuant to F.R.C.P. R.26(a)(1)(A): "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information, that the disclosing party may use to support is claim or defenses...." (ii) a copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses..." (iii) a computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv)for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy

all or party of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Such initial disclosures must be made at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference. Pursuant to Rule 26(a)(1)(E), a party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

5. That Pursuant to F.R.C.P. 26(a)(2)(A): "in addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial, in conformity with 26(a)(3)(A), to present evidence under Federal Rules of Evidence 702, 703, or 705. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report prepared and signed by the witness. If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

6. That pursuant to Fed. R. Crim. P. 16(a)(1) (A) "Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statements made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew a government agent if the government intends to use the statement at trial. (B) Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following: (i) any relevant written or recorded statement by the defendant if: the

statement is within the government's possession, custody, or control; and the attorney for the government knows or through due diligence could know that the statements exists; (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (iii) the defendant's recorded testimony before a grand jury relating to the charged offense. (D) Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows or through due diligence could know that the record exists. (E) Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph  books, papers, documents, data photography, tangible objects, buildings or places, or copies or portions of any of these items, if the items is within the governments possession, custody, or control and: (i) the item is material to preparing the defense:(ii)the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belonging to the defendant. (F) Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows or through due diligence could know that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. (G) At the defendant's request, the government must give to the defendant a written summary of any testimony that the

government intends to use under Rules 702, 703 or 705 of the Federal Rules of
Evidence during its case-in-chief at trial.   If the government requests discovery under
subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the
defendant's request, give to the defendant a written summary of testimony that the
government intends to use under Rule 702, 703, or 705 of the Federal Rules of
Evidence as evidence at trial on the issue of the defendant's mental condition. The
summary provided under this subparagraph must describe the witness's opinions, the
bases and reasons for those opinions, and the witness's qualifications.

7.  That Michele, although in error, had to request such discovery on behalf of the
defendant himself via voice mail to the assigned pretrial officer Traci Fegre, on July 6,
2012, as a form of disclosure indirectly to the Hon. Presiding Judge, as well as via
email directly to the Assistant Attorney General ("AAG") Mr. Matthew Francis
Madden on July 9, 2012.

8.  That defendants Counsel called the defendant on July 10, 2012 stating that he had just
spoken with the AAG (LR 16.2) and that they were going to provide such documents to
him (LR 16.1) but discovery was voluminous and required the documents to be placed
on a disc.

9.  That on that same date, defendant reiterated his concern and request that a bill of
particulars must be timely entered into the proceeding along with other documents
requested.

10.  That since that date, defendant has not heard any word from his counsel related to his
discovery request and or bill of particulars request.

11.  That since that date, defendant has not heard any word or received any Rule 16.1

discovery and or inspection from the AAG.

12.     That pursuant to Fed. R. Crim. P. 16(a)(1) (d)(2) "If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."

13.     That such inactivity of defendant's counsel has caused an ineffective assistance of counsel in the detriment of the defendant.

14.     That defendant feels that such ineffective assistance of counsel for untimely requests may very well have provided the United States Government unnecessary bias and prejudicial advantage in his proceeding such as excess time; undisclosed evidence and a memorialized bill of particular's supporting such purported allegations against the defendant, to name only a few.

15.     That defendant has in no way been derelict in his requests to execute his rights and remedies afforded under the F.R.C.P.; F. R. Evid.; and Fed. R. Crim. P.; from the time of arrest to the time of arraignment and or thereafter, nor in derelict of the court ordered time lines.

16.     That to curtail undue delay and expense in the administration of justice (LR 37.2), this Hon. Court shall hear a F.R.C.P. Rule 26 discovery if the motion includes a statement such as; (2) defendant attempted to contact the AAG via email on June 9, 2012 at 4:06 p.m. with no response given; and defendant's counsel attempted to engage in such consultation via phone on July 9, 2012, were unsuccessful due to no fault of defendant.

17.     Based on personal information and belief, the party who attempted contact with U.S.,

AAG MATHHEW FRANCIS MADDEN, was MICHELE DI COSOLA; and the parties who actually engaged in such conversation were U.S., AAG, MATTHEW FRANCIS MADDEN and Defendant's Counsel of Record, ATTORNEY HERBERT HILL.

18. Based on personal information and belief, the AAG directly informed defendant's counsel that the documents were voluminous and would be provided to him soon. However, as of July 18, 2012, only two days before pretrial motions are due, defendant has not been informed, contacted and or in receipt of any such Rule 16.1 and or Rule 26 discovery and information.

19. That defendant has simultaneously filed a "Notice of Release and Termination of Representation for Legal Counsel, Due to Ineffective Assistance of Counsel".

20. That defendant does not waive his right to assisted counsel simply by relief of his current counsel, nor does he waive any other rights by his instant actions, however does not wish for a public defender to be appointed at this time and will proceed until further notice as Sui Juris in the proceeding on behalf of the defendant.

### III. CONCLUSION

21. For these reasons stated herein and above, defendant requests the following relief:

## RELIEF PRAYED FOR

1. That this Hon. Court enter an Order granting defendant an enlargement of time to file a request/motion for bill of particulars; and

2. that this Hon. Court enter an Order compelling the government to release all Rule 16(a)(1) evidence, discovery and information directly to defendant within 24 hours of such order; and

3. that this Hon. Court Strike the Clerk calendar pre-trial motion due date Order of July 20, 2012 and continue such Pre-Trial Motion date 45 days from the due date of the Rule 16.1 discovery; and

4. that this Hon. Court, enter any other additional rulings that may be fair and just.


**WHEREFORE**, the Defendants' prays to his Lord Jesus, the Christ, and respectfully requests that this Hon. Court, grant defendant's above herein motion.

official notary seal
of the
organic de jure
Illinois county
assembly

Respectfully Submitted,
Michele, Sui Juris, on behalf of
MICHELE DI COSOLA;

By _____

Attornatus Privatus

Greg-James: Contos
commission expires: 3/17/2014

7/18/2012

c/o Michele, sui juris
c/o 173 Pintail Lane, Bloomingdale, Illinois
Non domestic, without U.S., DMM Exempt, near 60108

# SUPPORTING EXHIBIT A-ORDER

Case: 1:12-cr-00446 Document #: 9 Filed: 06/29/12 Page 1 of 1 PageID #:41



Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 12 CR 446 - 1 | **DATE** | 6/29/2012 |
| **CASE TITLE** | USA vs. Michele DiCosola | | |

## DOCKET ENTRY TEXT

Initial appearance held. Defendant Michele DiCosola appears in response to arrest on 6/28/12. Defendant advised of charges and penalties available under the law and informed of his rights. The Court enters the appearance of Herbert Hill as retained counsel for defendant. Arraignment held. Defense acknowledges receipt of the indictment and waives formal reading. Defendant enters a plea of not guilty. The schedule for certain preliminary proceedings is as follows: Rule 16.1 conference to be held by 7/06/12, pretrial motions are due by 7/20/12, and responses are due by 7/27/12. No replies may be filed. The matter is set for a status hearing before Judge Leinenweber on 7/31/12 at 9:00 a.m. in courtroom 1941. The Government and defendant agree on conditions of release, which the Court accepts. Defendant released on $4,500.00 own recognizance bond with conditions. Enter Order Setting Conditions of Release. For the reasons stated on the record, defendant shall further report on 7/5/12 to the United States Marshal's Office for processing.

■ [ For further detail see separate order(s).]

Docketing to mail notices.
*Copy to judge/magistrate judge.

00:30 Initial Appearance

| | Courtroom Deputy Initials: | JJ |
|---|---|---|
| | | |

EX. A