UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    12 CR 446 |
| vs. | ) | |
| | ) | Judge Harry Leinenweber |
| | ) | |
| MICHELE DICOSOLA | ) | |

## GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

The UNITED STATES OF AMERICA, by its attorney, GARY S. SHAPIRO, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated response to the defendant's pretrial motions.

**I.    Objection to Out of Order Arraignment and Motion to Set Aside Waiver of Indictment and Waiver of Probable Cause Finding Before a Grand Jury (Doc. 25)**

Defendant filed an objection to what he calls an out of order arraignment and moves to aside waiver of indictment and waiver of finding of probable cause before a grand jury. As part of the motion, he requests a probable cause hearing. The objection should be overruled and the motion should be denied.

Rule 10 of the Federal Rules of Criminal Procedure governs arraignments and requires that the defendant receive a copy of the indictment, that the indictment be read to the defendant (unless waived), and that the defendant enter a plea to the indictment. In this case, the requirements of Rule 10 were met because an indictment was provided to the defendant, the defense waived formal reading of the indictment

consistent with long-standing practice in this district, and the defendant entered a plea of not guilty. The objection should be overruled.

The defendant also moves to aside waiver of indictment and waiver of finding of probable cause before a grand jury. The defendant apparently misunderstood what transpired. His attorney did not waive indictment or waive the probable cause finding. The defendant was indicted by a grand jury – which of course serves as a probable cause finding – prior to the arraignment. His attorney merely waived formal reading of the lengthy indictment. When a defendant is indicted, he has no right to a probable cause hearing because the grand jury has already made a probable cause finding. The motion should be denied.

## II. Motion For Discovery Pursuant to FRCP 26 and 29 and FRCrP 16 (Doc. 28)

The defendant moved for discovery pursuant to FRCP 26 and 29 and FRCrP 16. The motion should be denied. FRCP 26 and FRCP 29 are civil rules and have no application in this criminal case. The government is aware of its discovery obligations, including its obligations under FRCrP 16. It has already produced the Rule 16 discovery and will supplement the discovery if it acquires additional evidence against the defendant. The motion should be denied.

## III. Motion to Compel Production of Rule 404(b) Material (Doc. 30) and Motion Regarding Other Crimes Evidence (Doc. 37)

The defendant filed a motion to compel production of Rule 404(b) material and a motion for an order to require the government to give notice of its intent to offer other crimes evidence. These motions address the same issue. Consistent with the practice

in this district, the government will disclose its intent to use any Rule 404(b) evidence within two weeks before trial.

## IV. Motion to Compel Disclosure of Favorable Evidence (Doc. 32) and Motion to Compel Immediate Disclosure of Jencks Material (Doc. 41)

The defendant also moves for disclosure of favorable evidence and for immediate disclosure of Jencks material. The government understands this as a request for discovery under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act. The government understands its *Brady* obligation to produce exculpatory evidence to the defense. If any such evidence comes to the government's attention, it will be turned over.

The government is also aware of and will comply with its *Giglio* obligations to turn over information that impeaches its witnesses. Specifically, with respect to the persons the government intends to call in its case-in-chief, the government will turn over the following: prior inconsistent statements of the particular witness; evidence concerning a witness' addiction to alcohol or drugs; promises of reward to a witness; statements of advice concerning future prosecutions, including proffer letters and non-subject letters; promises of leniency or favorable treatment; grants of immunity; criminal records; things of value provided to witnesses (other than statutory witness fees, costs of transporting witnesses, and the like); prior acts of misconduct which the witness has acknowledged or which have been established to the satisfaction of the government; plea agreements; results of polygraph examinations; and placement in a witness relocation or protection program. *Cf. United States v. Heidecke*, 683 F. Supp.

1211, 1215 n. 5 (N.D. Ill. 1988). The government will provide any *impeachment/Giglio* material to the defendants at least two weeks prior to trial.

To the extent that defendant is requesting the immediate disclosure of *Giglio* and Jencks material as to all witnesses, his motion should be denied. Under *Giglio* and *Jencks*, the government has no obligation to provide any such information prior to trial. *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Balogun*, 971 F. Supp. 1215, 1230-31 (N.D. Ill. 1997); *United States v. Riggs*, 739 F. Supp. 414, 425 (N.D. Ill. 1990); *United States v. Dell*, 736 F. Supp. 186, 192 (N.D. Ill. 1990); 18 U.S.C. § 3500. Even though the government will produce the *Giglio* and *Jencks* information at least two weeks in advance of trial, the type of information sought by these requests requires little or no warning to be used effectively, and, therefore, under the law need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978).

The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide defendant with all of the materials requested in his pretrial motions. Rather, the government will abide by the law in this Circuit, and will provide defendants with any and all materials to which they are entitled.

It is the government's position that the disclosure of the *Brady* and *Giglio* information outlined above meets defendant's motion. To the extent that defendant's demands require disclosure broader than that required under *Brady* and *Giglio*, it should be denied.

4

## V.      Motion for Disclosure of All Witnesses (Doc. 34) and Informants (Doc. 39)

The defendant also moves for disclosure of the names all witnesses and informants.  The government will produce a witness list to the defendant 30 days before trial.  To the extent that these motions are seeking anything broader than a witness list 30 days before trial, they should be denied.

## VI.     Motion to Compel Release of Organizational Defendant Statements Pursuant to Rule 16 (Doc. 45)

The defendant moved to compel release of organizational defendant statements pursuant to Rule 16.  However, there are no organizational defendants in this case. The motion should be denied.

## VII.    Motion to Compel Immediate Production of Reports of Examinations and Tests (Doc. 43)

The defendant also moved to compel immediate production of reports and examinations under Rule 16.  No examinations and tests have been completed to date. If and when such tests are completed, the government will promptly comply with the disclosures required by Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure. This motion should be denied.

## VIII.   Motion to Compel for Release and Inspection All Original Documents and Tangible Objects Under Rule 16 (Doc. 47)

The defendant also moved to compel for release and inspection all original documents and tangible objects.  As set forth in the government's discovery letter to the defendant, original documents, tangible objects, and other items within the scope of Fed. R. Crim. P. 16(a)(1)(E) and within the possession, custody or control of the

government are available for inspection by the defense at a mutually convenient time. The motion should be denied.

## IX.    Motion to Compel Government to Provide a List of Expert Witnesses and a Summary of Expert Witness Testimony (Doc. 49)

Defendant moved for disclosure of a written summary of any expert testimony. As to the motions for discovery of expert testimony, under Fed. R. Crim. P. 16(a)(1)(E), at a defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The government will make such disclosures in this case, to the extent experts will be used, at least 30 days in advance of trial. Additionally, as required by the rule, the government will describe the expert witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. The government hereby makes reciprocal discovery requests for disclosure of defense evidence pursuant to Fed. R. Crim. P. 16(b).

## X.    Motion to Order Clerk to Release Sealed Indictment (Doc. 35) and Motion for List of All Special Grand Jury Panel Members and Juror Member Material (Doc. 52)

The defendant also moves for an order requiring the release of the sealed indictment and for a list of all special grand jury panel members and juror member materials. These motions should be denied. First, the indictment in this case was not sealed. The defendant has a copy of the indictment, and a pdf copy of the indictment is available online. Second, defendants are not normally entitled to know the names or votes of the individual grand jurors who indicted them. *See United States v.*

*Deffenbaugh Indus., Inc.*, 957 F.2d 749, 755-57 (10th Cir. 1992); *United States v. McLernon*, 746 F.2d 1098, 1122-23 (6th Cir. 1984). The strong interest in secrecy accorded the grand-jury process can be overcome only if the defendant demonstrates with particularity that grounds might exist for a motion to dismiss based on materials concerning the grand jury. FED. R. CRIM. P. 6(e)(3)(E)(ii); *see United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443, 103 S. Ct. 3133, 77 L. Ed. 2d 743 (1983); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S. Ct. 1237, 3 L. Ed. 2d 1323 (1959); *United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995); *United States v. Lang*, 644 F.2d 1232, 1238-39 (7th Cir. 1981); *State of Wisconsin v. Schaffer*, 565 F.2d 961, 965 (7th Cir. 1977). The defendant has made no such showing in this case. As a result, his motion should be denied.

## XI.    Conclusion

For the foregoing reasons, this Court should either deny the defense motions in full, in part, or rule on them as set forth in this response.


Dated: December 18, 2012              Respectfully submitted,


                                                                    GARY S. SHAPIRO
                                                                    Acting United States Attorney

                                              By:    /s/ Matthew F. Madden
                                                                    MATTHEW F. MADDEN
                                                                    Assistant United States Attorney
                                                                    United States Attorney's Office
                                                                    219 South Dearborn Street
                                                                    Chicago, Illinois 60604
                                                                    (312) 886-2050

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    12 CR 446 |
| vs. | ) | |
| | ) | Judge Harry Leinenweber |
| MICHELE DICOSOLA | ) | |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents: **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on December 18, 2012 to the following:

MICHELE DICOSOLA
173 Pintail Lane
Bloomingdale, IL 60108

Respectfully submitted,

GARY S. SHAPIRO
Acting United States Attorney

By:    /s/ Matthew F. Madden
MATTHEW F. MADDEN
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2050