IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

MICHELE DICOSOLA,

                Defendant.

Case No. 12 CR 446

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Michele DiCosola's Pretrial Motions and Objections. For the reasons stated herein, the Motions are DENIED.

## I.  BACKGROUND

On July 12, 2012, a grand jury indicted Defendant Michele DiCosola (hereinafter, "DiCosola" or "Defendant") for devising and participating in a scheme to defraud financial institutions, (Counts I-IV), filing fraudulent tax returns (Counts V and VI), and making fraudulent declarations in bankruptcy filings (Counts VII and VIII).

Count I of the indictment alleges that in or around June 2008, Defendant participated in a scheme to defraud Amcore Bank in Wheaton, Illinois. Allegedly, at this time, Defendant submitted fraudulent loan applications for his business, CD Shape Cutters. In his applications, Defendant sought two loans in the amounts of

$250,000 and $450,000. The indictment states that Defendant submitted fraudulent tax returns with the loan application. The tax returns represented that Defendant made in excess of $300,000 in adjusted gross income in 2006 and 2007. In addition to the fraudulent personal tax returns, allegedly Defendant submitted a fraudulent tax return for CD Shape Cutters which represented that the business had more than $300,000 in business income in 2006, and $500,000 in 2007. The indictment goes on to allege that these representations induced Amcore Bank to fund both of Defendant's business loans, which he personally guaranteed, but then failed to make payments on. Counts I and II charge Defendant with violating 18 U.S.C. § 1344 for each of the two loans.

Count III of the indictment charges Defendant with violating 18 U.S.C. § 1014 and alleges that Defendant made false statements to Amcore Bank for the purpose of influencing it to fund his two business loans.

Count IV of the indictment alleges that beginning around August 2008, Defendant participated in a scheme to defraud CitiMortgage, a financial institution in Schaumburg, Illinois. Specifically, the indictment states that Defendant sought a mortgage loan in the amount of $417,000 and a home equity loan for $263,000 and submitted the same fraudulent tax returns that he submitted to Amcore Bank to obtain such loans. The indictment alleges these false representations induced CitiMortgage to fund

both the mortgage and home equity loans, and Defendant failed to make payments on either loan. On or about September 15, 2008, Defendant transmitted these fraudulent representations through wire communication.

Counts V alleges that on or about September 15, 2009, Defendant submitted a fraudulent tax return to the Internal Revenue Service (the "IRS"). The return claimed Defendant was entitled to $5,506,099 in tax refunds. Count V charges Defendant with violating 18 U.S.C. § 287.

Count VI alleges that on or about September 15, 2009, Defendant submitted a fraudulent tax return in the name of Taxpayer P.W. which claimed a federal income tax refund in the amount of $385,539.

Count VII alleges that on or about June 14, 2010, Defendant submitted a false declaration under penalty of perjury in relation to a bankruptcy proceeding, *In re: Michele DiCosola and Paula DiCosola*. Specifically, the indictment states that Defendant represented that he was not an officer or director of any businesses in the past six years, when in fact, Defendant knew he had been an officer of CD Shape Cutters, Xtreme Music, Inc., Fight Foreclosure Fraud, LLC, and Money Consultants within that time. Count VII charges Defendant with violating 18 U.S.C. § 152(3).

Similarly, Count VIII alleges that Defendant made fraudulent representations in relation to another bankruptcy proceeding, *In*

*re: Michele DiCosola*.  The indictment alleges that Defendant represented that he did not have any financial accounts in his name which were closed, sold or otherwise transferred in the past year, when in fact he had closed financial accounts at Bank of America and TCF Bank.  It also alleges that Defendant stated that he was not an officer or director of any business within the past six years.  Count VIII charges Defendant with violating 18 U.S.C. § 152(3).

On or about June 29, 2012, Defendant was arrested pursuant to the aforementioned charges.  A few hours after his arrest, Defendant appeared before the Honorable Sidney I. Schenkier for his arraignment.  ECF No. 9.  At this time, Defendant was advised of the charges against him, waived a formal reading of the indictment and entered a plea of not guilty.  Judge Schenkier also entered an appearance for Defendant's attorney at that time, Herbert Hill. The Government agreed to set Defendant's bond at $4,500, and Defendant was released on his own recognizance on June 29, 2012. ECF No. 9-11.

On July 23, 2012, Defendant filed a number of motions, including one asking the Court to discharge his attorney.  On July 31, 2012, this Court granted Defendant's motion to discharge his attorney and continued Defendant's other motions until August 30, 2012, the deadline the Court gave Defendant to obtain new counsel.  ECF No. 24.

On August 22, 2012, Defendant filed approximately 14 additional motions, seeking, among other things, an order from the Court to "Set Aside Waiver of Indictment" and "Set Aside Waiver of Finding of Probable Cause Hearing by a Grand Jury." ECF No. 25, Page ID # 120. On August 27, 2012, Defendant filed a motion seeking a list of the members of the grand jury. ECF No. 52.

On his August 30, 2012 status hearing, Defendant presented his new motions, and orally moved for a personal court reporter. At this time, Defendant was not represented by counsel. The Court denied Defendant's oral motion and held Defendant's other motions in *abeyance*. The Court granted Defendant additional time to obtain legal counsel, instructing him to do so by September 27, 2012. ECF No. 54.

On September 26, 2012, Defendant filed four additional motions, which among other things, sought to modify the conditions of his bond to permit him to travel. *See* ECF No. 55, 57.

At a status hearing on September 27, 2012, Defendant appeared again without legal counsel and informed the Court he intended to proceed *pro se*. However, at this hearing, Defendant refused to approach the bench to present his new motions properly. Because of this, the Court denied the motions without prejudice. With the Government's agreement, the Court permitted Defendant to travel from September 29, 2012 to October 7, 2012. ECF No. 64.

On November 6, 2012, Defendant appeared for another status hearing. ECF No. 65. At this time, the Court appointed an attorney from the Federal Defender to assist Defendant as stand-by counsel. *Id.*

From November 13, 2012 to December 3, 2012, Defendant filed various documents with the Court including copies of court documents which are stamped and signed by Defendant (ECF No. 66), a notice of appointment of fiduciaries and trustees (ECF No. 67), and various objections and affidavits. ECF No. 67, 68, 69, 70, 75, 76-81. Defendant also filed a motion for a bill of particulars. ECF No. 71, 72.

On December 6, 2012, at a status hearing, the Court denied Defendant's motion for a bill of particulars. The Court then directed the Government to respond to Defendant's other motions by December 20, 2012 and granted Defendant until January 10, 2013 to file a reply.

Pursuant to the Court's instructions, the Government filed its response on December 18, 2012. ECF No. 83. Rather than filing a timely reply, Defendant filed a plethora of additional motions, amended motions, memoranda, affidavits, and other documents which Defendant has noticed for presentment on February 12, 2013. *See* ECF No. 84-115. On January 17, 2013, (seven days beyond the time the Court permitted Defendant to reply), Defendant filed his reply

brief to the Government's response.  These fully briefed motions are currently before the Court.

## II.  <u>**ANALYSIS**</u>

Prior to ruling on the merits of Defendant's motions, the Court will address briefly the effect of Defendant's failure to abide by the Local Rules.

As previously mentioned, Defendant failed to file his reply brief within the time allotted by the Court.  While his reply brief is dated January 10, 2013, it was not filed until January 17, 2013. This is seven days beyond the deadline the Court provided.  Because of this, the Court could ignore the reply entirely and find Defendant has waived his right to file a reply.  *See* L.R. 78.3 (stating that a litigant's failure to "file a reply memorandum within the requisite time shall be deemed a waiver of right to file").  However, the Court is cognizant of the fact that Defendant is proceeding *pro se* (or as Defendant prefers "*sui juris*"), and therefore will excuse Defendant's failure to abide by the local rules in *this* instance.  *See Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992) (noting that it is within the courts discretion to strictly enforce the local rules).  Nonetheless, Defendant should not assume that the Court will be this lenient with respect to his future filings.  If Defendant files other untimely briefs or motions, the Court will refuse to consider the merits of those filings.

The Court also instructs Defendant to review Local Rule 7.1. This rule instructs parties to limit their motions and briefs to 15 pages. Many of Defendant's filings far exceed this limitation. In the future, if Defendant wishes to file a brief or a motion which exceeds 15 pages, he must do so by filing a motion requesting the Court's leave to file an oversized brief and obtain the Court's approval. L.R. 7.1. If Defendant fails to make such a request, the Court will strike all filings which exceed 15 pages. For the purpose of these motions, the Court will excuse Defendant's failure and consider the merits of all motions and briefs regardless of their length.

## A. Defendant's Motion to Set Aside Waiver of Indictment and Waiver of Probable Cause Hearing (ECF No. 25)

On August 22, 2012, Defendant filed a motion titled "Michele's Objection to Out of Order Arraignment and Motion to Set Aside Waiver of Indictment and Waiver of Finding of Probable Cause Hearing Before a Grand Jury." ECF No. 25, Page ID # 108. The motion provides the details surrounding Defendant's arrest and describes his arraignment proceedings before the Honorable Sidney I. Schenkier.

Defendant contends that during the arraignment, he informed Magistrate Judge Schenkier that he did not understand the charges filed against him. Because of this, Judge Schenkier called a recess and provided Defendant a copy of the indictment. Defendant

- 8 -

claims he had a limited amount of time to review the indictment and alleges that his lawyer instructed him to tell Judge Schenkier he understood the charges against him even if he did not and that this would not have the effect of waiving any of his other rights.

Defendant argues that his counsel gave him false advice and concealed things from him during his arraignment. Specifically, he claims Mr. Hill concealed from him that by waiving a formal reading of the indictment, he had waived a probable cause hearing. Because of this, Defendant argues he is entitled to a probable cause hearing before a grand jury.

Federal Rule of Criminal Procedure 10 governs arraignments. It requires a defendant to receive a copy of the indictment and have the indictment read unless the defendant waives a formal reading. FED. R. CRIM. P. 10.

As the Government points out, the requirements of Rule 10 were satisfied because Defendant admits he was provided a copy of the indictment, and counsel waived a formal reading. While Defendant admits he was provided a copy of the indictment, he argues that his motion should be granted since he was not provided with the indictment until after Judge Schenkier called for a recess. This argument is meritless. It is undisputed that Defendant had a copy of the indictment and pled not guilty to the charges against him. While Defendant argues the copy of the indictment he was provided was "really an Information in the guise of an indictment," this is

- 9 -

not true.  Def.'s Reply at 3.  A copy of the indictment is available online and the first line provides, "The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:  At times material to this <u>Indictment</u>." ECF No. 1 at 1 (emphasis added).  Thus, the Court finds the requirements of Rule 10 have been met.

Moreover, while Defendant claims his lawyer's waiver of a formal reading of the indictment impacted his other rights, including a right to a probable cause hearing, this assertion lacks merit.  In this case, Defendant was arrested pursuant to an indictment.  *See* ECF No. 1 & 2.  The Seventh Circuit has held that "an indictment establishes probable cause[.] . . ."  *Park Manor Ltd. v. HHS*, 495 F.3d 433, 437 (7th Cir. 2007).  Thus, Defendant is not entitled to a probable cause hearing.  This is true regardless of Defendant's decision to waive a formal reading of the indictment.  Accordingly, the Court denies Defendant's Motion to Set Aside Waiver of the Indictment and Set Aside Waiver of Probable Cause Hearing.

As an aside, Defendant's assertion that the factual allegations contained in his motion are conclusive evidence pursuant to Federal Rule of Evidence 201 is erroneous.  Federal Rule of Evidence 201 provides that a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are either generally known within the . . . court's territorial jurisdiction," or "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (b). While Defendant argues the facts he sets forth in his motion are uncontested since the Government did not respond to such facts, this is inaccurate. Indisputability is required before the Court takes judicial notice. *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003). The fact that the Government did not contest every fact Defendant alleged in his motion does not automatically mean such facts are conclusive evidence appropriate for judicial notice. Therefore, the Court refuses to take judicial notice of Defendant's allegations.

### B. Defendant's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 26 and 29 and Federal Rule of Criminal Procedure 16 (ECF No. 28)

Defendant filed a motion for discovery pursuant to Federal Rules of Civil Procedure 26 and 29 and Federal Rule of Criminal Procedure 16. Federal Rules of Civil Procedure 26 and 29 govern civil litigation and are not applicable in Defendant's criminal case.

With respect to Defendant's motion under Federal Rule of Criminal Procedure 16, the Rule requires the Government to allow Defendant to inspect documents and objects that "are within the government's possession, custody, or control" and "material to preparing the defense." *See United States v. Caputo*, 373 F.Supp.2d 789, 793-94 (N.D. Ill. 2005). A defendant is only entitled to

production of such documents or information "if he makes at least a *prima facie* showing of materiality." *Id.*

Here, Defendant has not identified any documents or information which are material to his defense. Moreover, the Government has acknowledged its obligations to provide discovery and states that it has "already produced the Rule 16 discovery and will supplement the discovery if it acquires additional evidence against the defendant." Govt.'s Cons. Resp. to Def.'s Pretrial Motions at 2. Thus, the Court denies Defendant's motion for discovery.

### C. Defendant's Motion to Compel Production of Rule 404(b) Material (ECF No. 30) and Defendant's Motion Regarding Other Crimes Evidence (ECF No. 37)

On August 22, 2012, Defendant filed a motion to compel Rule 404(b) material. ECF No. 30. On the same date, he filed a motion requiring the Government to give notice of its intention to use other crimes or bad acts as evidence. ECF No. 37. The Court finds these motions address the same Rule 404(b) evidence.

The Government responded to these motions stating its intention to disclose such evidence within two weeks of trial. Defendant argues this is a late disclosure and a violation of due process.

Federal Rule of Evidence 404(b) requires "*reasonable notice* . . . of the general nature of any such evidence [the

prosecution] intends to introduce at trial." *United States v. Rusin*, 889 F.Supp. 1035, 1036 (N.D. Ill. 1995) (emphasis in original). With respect to what constitutes reasonable notice, the advisory note to Rule 404(b) states that "[o]ther than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request . . . [and that] will depend largely on the circumstances of each case." *Id.*

In this case, Defendant has not argued why the circumstances here require early notice. Instead, Defendant asserts he is entitled to advanced notice for due process reasons. The Court does not find this argument persuasive. *Cf. United States v. Lillie*, No. 08-CR-717, 2009 U.S. Dist. LEXIS 42940 at *8 (N.D. Ill. May 15, 2009) (ordering the Government to disclose relevant Rule 404(b) evidence no less than 35 days prior to trial because the events at issue took place more than five years earlier). Therefore, since Defendant failed to articulate a valid reason requiring early production, the Court denies Defendant's motions.

### D.  Defendant's Motion to Compel Disclosure of Favorable Evidence (ECF No. 32) & Motion to Compel Immediate Disclosure of *Jencks* Material (ECF No. 41)

Next, Defendant seeks disclosure of favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and immediate disclosure of *Jencks* material. *See* ECF No. 32 & 41.

- 13 -

In particular, Defendant requests that the Government produce the names, identities, and last known addresses of witnesses, criminal records of witnesses, misconduct attributed to witnesses, witness plea agreements, exculpatory statements of witnesses, potential prosecutions of witnesses, personnel files for all witnesses, and evidence of a witness' alcoholism or drug use. In response, the Government acknowledges its obligations under *Brady* and *Giglio*, and represents that it has complied (and will continue to comply) with these obligations. The Government also addressed Defendant's specific requests and stated that it intends to turn over:

> Prior inconsistent statements of the particular witness; evidence concerning a witness' addiction to alcohol or drugs; promises of reward to a witness; statements of advice concerning future prosecutions, including proffer letters and non-subject letters; promises of leniency or favorable treatment; grants of immunity; criminal records; things of value provided to witnesses (other than statutory witness fees, costs of transporting witnesses, and the like); prior acts of misconduct which the witness has acknowledged or which have been established to the satisfaction of the government; plea agreements; results of polygraph examinations; and placement in a witness relocation or protection program.

Govt.'s Cons. Resp. to Def.'s Pretrial Mot. at 3-4.

The Government also represents its intention to provide any *Giglio* material to Defendant at least two weeks prior to trial. "[W]here the government has made assurances it will comply with

*Giglio* and *Brady*, those assurances are sufficient" and a Defendant's discovery motion should be denied as moot. *United States v. Johnson*, No. 12-CR-40004-JPG, 2012 WL 1994848 at *3 (S.D. Ill. June 4, 2012). Accordingly, the Court denies Defendant's motion. The Government is reminded, however, that if it has doubts as to whether disclosure is required, such doubts should be resolved in favor of disclosure.

The Court also denies Defendant's motion with respect to his request for immediate disclosure of *Giglio* or *Jencks* material. As the Government points out, unlike disclosure of *Brady* material, *Giglio* and *Jencks* information is not required to be disclosed prior to trial. *See United States v. Sharp*, No. 04-CR-797, 2005 WL 2124488 at *1 (N.D. Ill. June 8, 2005). Notwithstanding this, the Government has agreed to provide Defendant this information at least two weeks prior to trial. The Court finds this amount of time sufficient and denies Defendant's motion. The Court also notes that to the extent Defendant seeks a list of all *potential* witnesses, this request is also denied. *See United States v. Patel*, No. 01-CR-715, 2002 WL 1750948 (N.D. Ill. July 2, 2002) (denying a defendant's discovery motion which requested disclosure of a list of all prospective witnesses because unlimited discovery of this kind is inappropriate where the Government agrees to disclose *Giglio* and *Jencks* material prior to trial).

### E. Defendant's Motion for Disclosure of
### All Witnesses (ECF No. 34) & Motion for Disclosure
### of All Informants (ECF No. 39)

Defendant also requests that the Government disclose the names of all witnesses and informants. In response, the Government states its intention to provide Defendant a witness list 30 days before trial. The Court finds this more than sufficient and denies Defendant's motion as moot.

### F. Defendant's Motion to Compel Release of
### Organizational Defendant Statements Pursuant
### to Rule 16 (ECF No. 45)

Next, Defendant seeks the release of organizational defendant statements pursuant to Rule 16. The Government represents that there are no organizational defendants in this case.

In his motion, Defendant lists examples of potential organizational defendants to include "A CPA . . . [or] the IRS." ECF No. 45, Page ID #169. These are not examples of organizational defendants. An organizational defendant is a person that "was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct . . ." FED. R. CRIM. P. 16 (a)(1)(C). As such, the Court denies Defendant's motion.

### G. Defendant's Motion to Compel Immediate Production of Reports of Examinations and Tests (ECF No. 43)

Defendant also moves to compel the Government to produce reports and examinations under Rule 16 immediately. The Government states that to date, there have been no examinations or tests completed. It further represents that if any tests are completed, it will comply with the disclosure requirements of Rule 16(a)(1)(F). Accordingly, Defendant's motion is denied.

If the Government is to complete an examination at a later date, the Court directs the Government to disclose this to Defendant immediately. The Court finds Defendant's motion to consist of an ongoing request for the purposes of Rule 16(a)(1)(F) and will not require Defendant to renew this request.

### H. Defendant's Motion to Compel Release and Inspection of All Original Documents and Tangible Objects Pursuant to Rule 16 (ECF No. 47)

Defendant requests that the Government release all original documents and tangible objects for Defendant's inspection. The Government represents that it has sent Defendant a discovery letter which stated that all "original documents, tangible objects, and other items within the scope of Fed. R. Crim. 16(a)(1)(E). . . are available for inspection by the defense [Defendant] at a mutually convenient time." Govt.'s Cons. Resp. to Def.'s Pretrial Mots. at 5-6. Thus, the Court denies Defendant's motion. If Defendant

wishes to inspect original documents or tangible items within the Government's possession, the Court instructs to Defendant to meet and confer with the Government.  *See* Local Criminal Rule 16.1.

## I.  Defendant's Motion to Compel Government to Provide a List of Expert Witnesses and a Summary of Expert Witness Testimony (ECF No. 49)

Defendant also moves for disclosure of expert witness testimony under Federal Rule of Criminal Procedure 16(a)(1)(E). The Government responds stating that it intends to make such disclosures at least 30 days prior to trial.  In these disclosures, the Government claims it will describe the expert witnesses' opinions, the bases and the reasons for these opinions, and the expert's qualifications.  The Court finds this appropriate and therefore denies Defendant's motion as moot.

The Court reminds Defendant of his duties to provide the Government reciprocal discovery pursuant to Rule 16(b).  "If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request to inspect and to copy photograph, books, papers, documents data . . . if:  (I) the item is within the defendant's possession, custody or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."  FED. R. CRIM. P. 16(b)(1)(A)(i)-(ii).  As such, the Court directs Defendant to abide by this Rule and reciprocate discovery.

## J.  Defendant's Motion to Order Clerk to Release
Sealed Indictment (ECF No. 35) & Defendant's
Motion for a List of All Special Grand Jury Panel
Members and Juror Member Material (ECF No. 52)

Defendant also filed a motion to order the clerk to release the sealed indictment and a motion seeking production of a list of all special grand jury panel members.  However, the indictment in this case is not sealed.  Defendant has a copy and there is also a copy available online.  *See* ECF No. 1.  Thus, the Court finds Defendant's motion to order the clerk to release the sealed indictment moot.

"Federal Rule of Criminal Procedure 6(e) codifies the centuries-old requirement that grand jury proceedings be kept secret."  *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1994).  The secrecy afforded to the grand jury process is "available only where the material is related directly to identifiable litigation . . . and the party requesting the information demonstrates a compelling need for the material."  *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002); *see also* FED. R. CRIM. P. 6(e)(3)(E)(ii).  The Court does not find the names of the grand jury members to be related even tangentially to Defendant's case or defense.  Furthermore, Defendant has failed to demonstrate a compelling need for such material.  Thus, the Court denies Defendant's motions.

**K.  Defendant's Challenge to Subject Matter Jurisdiction**

In his reply, Defendant challenges this Court's subject matter jurisdiction.  The Court notes that typically, arguments raised for the first time in reply briefs are waived.  *Perdue v. RBC Mortgage Co.*, 156 Fed.Appx. 824, 826 (7th Cir. 2005).  However, the Court will address the merits of Defendant's argument briefly.

Subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate a case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).  Article III Section 2 of the United States Constitution provides that "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority."  U.S. CONST. ART. III SEC. 2.  Pursuant to this provision, Congress enacted 18 U.S.C. § 3231 which conveys subject matter jurisdiction in criminal cases to federal district courts.  It provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

Defendant argues that the Court "has obtained unlawful jurisdiction by way of undisclosed waiver of indictment. . . ." Def.'s Reply at 7.  Defendant is confused.

Defendant was charged pursuant to an indictment.  He was provided a copy and a copy is available online. *See* ECF No. 1.  At

Defendant's arraignment, his attorney waived a formal reading of the indictment. Waiving a formal reading of the indictment does not have the effect of waiving the right to be charged by an indictment. Indeed, such a proposition defies logic. If Defendant was not charged by an indictment, there would be no indictment to read, let alone waive a formal reading of.

Therefore, the Court rejects Defendant's argument the Court lacks of subject matter jurisdiction.

### III.  CONCLUSION

For the reasons stated herein, the Court denies Defendant's pretrial motions. [ECF Nos. 25, 28, 30, 32, 34, 35, 37, 39, 41, 43, 45, 47, 49, and 52].

**IT IS SO ORDERED.**


_____
        Harry D. Leinenweber, Judge
        United States District Court

Date: 2/12/2013