UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 446 |
| v. | ) | |
| | ) | Judge Harry Leinenweber |
| MICHELE DICOSOLA | ) | |

**GOVERNMENT'S MOTION IN LIMINE CONCERNING
DEFENDANT'S DECISION TO PROCEED *PRO SE*__**

The United States of America, by its attorney, Gary S. Shapiro, United States Attorney for the Northern District of Illinois, respectfully presents this motion *in limine* concerning defendant Michele DiCosola's apparent intention to proceed in this matter *pro se*. In support of this motion, the government states the following:

A defendant has both a Sixth Amendment right to counsel and a right to self-representation. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 154 (2000); *Faretta v. California*, 422 U.S. 806, 817-19 (1975). A defendant may not exercise both rights simultaneously; there is no right to "hybrid representation." *See United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988) ("[A] defendant may not engage in 'hybrid' representation by acting as co-counsel along with either a court-appointed or with his own attorney . . . . [T]his hybrid form of representation is not permissible. 'A defendant does not have a constitutional right to choreograph special appearances by counsel.'") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). The right to proceed *pro se* is currently codified in 28 U.S.C. § 1654. *Faretta*, 422 U.S. at 812-13.

There are two key issues in determining whether to allow a defendant to proceed *pro se*: (1) the defendant's competency to waive the right to counsel; and (2) whether the waiver is knowing and voluntary. The competency standard in the *pro se* determination is the same as that to stand

trial: whether the accused has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether the defendant has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). The second issue means that the Court must determine whether the defendant has timely, knowingly and intelligently waived the right to counsel. The adequacy of the waiver depends in each case on the particular facts and circumstances, including the defendant's background, experience and conduct. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). The Court also must ensure that the request to act *pro se* must be clear and unequivocal. *See Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992) (holding that the defendant who is silent or equivocating during the waiver inquiry impliedly forfeits the right to self-representation). Once a clear and unequivocal request has been made, the district court should engage in a colloquy with the defendant to ensure that his decision is an informed one. *United States v. Hill*, 252 F.3d 919, 924-25 (7th Cir. 2001); *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991).

The Court should conduct an inquiry to determine a valid waiver. *United States v. Goad*, 44 F.3d 580, 586-87 (7th Cir. 1995). Failure to establish a record of an adequate waiver is *per se* reversible on appeal. *United States v. Allen*, 895 F.2d 1577, 1580 (10th Cir. 1990). To determine whether a defendant's decision to proceed *pro se* was knowing and informed, the Seventh Circuit considers the following four factors: "'(1) whether and to what extent the district court conducted a formal hearing into the defendant's decision to represent himself; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to waive his right to counsel.'" *United States v. Johnson*, 534 F.3d 690, 694

2

(7th Cir. 2008), *quoting United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008). The Court should at least inquire into the defendant's understanding of the nature of the charges brought, the range of penalties, and the dangers of proceeding alone in a tribunal with complex rules of evidence and rules of procedure. The background, conduct, and the experience of the defendant should also be considered. *See United States v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001); *United States v. Avery*, 208 F.3d 597, 601-03 (7th Cir. 2000); *United States v. Sandles*, 23 F.3d 1121, 1126-27 (7th Cir. 1994). The defendant's lack of legal ability does not necessarily justify denying the right to self-representation. *United States v. Baker*, 84 F.3d 1263, 1267 (10th Cir. 1996).

The Seventh Circuit has suggested the following steps to minimize the potential prejudice to defendants who seek to proceed *pro se*: (1) appointing stand-by counsel; (2) warning the *pro se* defendant that he will be held to the rules of law and evidence; (3) admonishing the defendant to refrain from speaking in the first person when commenting on the evidence; (4) instructing the jury before closing remarks, during summation, and in final instructions that nothing the lawyers say is evidence in the case; and (5) making clear to the jury at the outset that anything the *pro se* defendant says in the role of attorney is not evidence. *See United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985).

The right of a defendant to proceed *pro se* is not absolute. "The trial judge may terminate the self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. . . .[T]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules or procedural and substantive law." *Faretta*, 422 U.S. at 834-35 n.46. If a defendant has a history of mental illness, it may be impossible for the Court to warn him of the dangers of self-representation. The Court would be fully

justified in such a situation in determining that the defendant could not make a knowing and intelligent waiver. *See United States v. Meeks*, 987 F.2d 575, 579 (9th Cir. 1993). *See also United States v. Clark*, 943 F.2d 775 (7th Cir. 1991) (court rejected claim of defendant who proceeded *pro se* at trial that he lacked the mental capacity to represent himself).

      **A.**    **The Government Respectfully Requests that the Court Hold a Hearing to Admonish the Defendant Regarding the Dangers of Proceeding *Pro Se*.**

In this case, it appears that the defendant intends to represent himself, *pro se,* at his trial scheduled for September 16, 2013. Specifically, the defendant initially retained attorney Herbert Hill to represent him, but fired him shortly after the arraignment. The Court subsequently gave the defendant time to find a new attorney, but the defendant has not retained another attorney. When asked by the Court about whether he had retained an attorney or whether he intended to proceed *pro se*, the defendant objected to the Court's use of the term *pro se* and described himself as "sui juris." The Court then appointed attorney Scott Frankel of the Federal Defender Panel to either represent the defendant or act as stand-by counsel, but the defendant has expressed little interest in consulting with Mr. Frankel and has represented himself at all of the Court hearings (other than the first one or two when Mr. Hill appeared on the defendant's behalf). The defendant also recently represented himself at a misdemeanor hearing in front of Magistrate Judge Keys.

Nevertheless, during one status when the Court admonished the defendant about the risks of proceeding *pro se*, the defendant said that he refused to waive his right to an attorney. Still, he has refused to hire an attorney or accept the assistance of an appointed attorney. The defendant cannot have it both ways. He needs to either accept the assistance of an attorney or knowingly and intelligently waive his right to counsel. In a violation report, pretrial services suggested that a competency evaluation of the defendant may be advisable.

In these circumstances, the government respectfully requests that the Court hold a hearing to again advise the defendant against proceeding *pro se*, and admonish the defendant of the dangers associated with proceeding *pro se*. Specifically, the government requests that the Court warn the defendant regarding the dangers of proceeding alone in a tribunal with complex rules of evidence and rules of procedure, and inquire into the background and experience of the defendant. *See United States v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001). In addition, at that time, the government would also advise the defendant of nature of the charges against him and the maximum penalties he is facing, to assure that the defendant understands the charges and any potential term of imprisonment associated with those charges. *Id.* Of course, the Court must also determine whether the defendant is competent to waive his right to an attorney.

In addition, assuming that the defendant refuses to accept the appointment of an attorney, the government requests that this Court order a stand-by attorney to assist him, even if the defendant claims at this time that he does not want an attorney. The defendant may change his mind and choose to consult with an attorney or at trial and this would allow him that option.[1]

### B. If the Defendant Proceeds Pro Se, He Should Be Prohibited from Testifying During Opening Statement and Closing Argument.

In addition, the government anticipates that defendant, while serving as counsel, may attempt to introduce his own testimony during his opening statement, during his closing argument, or during cross-examination of witnesses. Although defendant, in his capacity as counsel, is of course entitled

---

[1] The government is also concerned that the trial may last longer than the parties and Court expect. The recent misdemeanor hearing in front of Judge Keys was one that the government expected to last about ten minutes but it lasted over three hours. Moreover, the statuses in this case have also been abnormally long. This issue can also be addressed at the hearing.

5

to present an opening statement and closing argument to the jury, for the reasons stated above, any attempt by defendant to effectively testify during his opening statement and during his closing argument would be improper because he would not be subject to cross-examination. *Cf. Oreye*, 263 F.3d at 672-73 (active participation of *pro se* defendant and stand-by counsel during trial was improper "hybrid representation" because it allowed pro se defendant to testify without being subject to cross examination); *Oakey*, 853 F.3d at 553 (same). Should the Court grant defendant's request to proceed *pro se*, the government respectfully requests that the Court prohibit defendant from testifying during his opening statement and closing argument. To effectuate such an order, the government asks the Court: (1) to warn defendant that he should refrain from speaking in the first person while commenting on the evidence to the jury; and (2) to instruct the jury before opening statements and before closing arguments that any statements by the attorneys in this case, including those made by defendant while serving in his capacity as counsel, do not constitute evidence. *See United States v. Veteto*, 701 F.2d 136, 138-39 (11th Cir. 1983).

Therefore, the government respectfully requests that this Court hold a hearing on the defendant's intention to proceed *pro se*.

Respectfully submitted,

GARY S. SHAPIRO
United States Attorney

By:  /s/ Matthew F. Madden
MATTHEW F. MADDEN
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-2050

**CERTIFICATE OF SERVICE**

The government served a copy of this motion, the motion to disclose tax returns, and the notice of motion on the defendant at 173 Pintail Lane, Bloomingdale, IL 60108 on June 13, 2012.

/s/ Matthew Madden