# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHELE DiCOSOLA,<br><br>           Defendant. | Case No. 12 CR 0446<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

The Defendant, Michele DiCosola, has moved the court to dismiss the indictment pursuant to 18 U.S.C. § 3161 *et seq.* He contends that the court did not properly exclude time under the act so that his constitutional rights will be violated if the court fails to dismiss the indictment with prejudice. The Motion is denied for the following reasons.

The case got off to a rocky start on July 31, 2012, with the presentation of a Motion by the Defendant to discharge his attorney. The Motion was granted. The Defendant was given until August 30, 2012, to obtain new counsel. The time was excludable under Section 3161(h)(7)(B)(iv).

On August 30, 2012, the Defendant had not obtained counsel and his pretrial motions were held in abeyance while he continued to attempt to obtain counsel. The case was next set for status on

September 27, 2012.  The time was excluded again in the interest of justice for the Defendant to obtain counsel.

On September 27, 2012, the Defendant had not obtained counsel and told the Court that he was going to proceed *pro se*.  The matter was continued until November 6, 2012, at which time the Court would consider the Defendant's competency to proceed *pro se*.  The time was again excluded in the interests of justice.

On November 6, 2012, the court appointed a Federal Defender to assist the Defendant on a stand-by basis.  The matter was continued to December 12, 2012, at which time the Defendant presented a Motion for a Bill of Particulars.  This Motion was denied.  The Court then allowed the Defendant to present his other motions for consideration by the court.  A briefing schedule was adopted which culminated by setting the date of January 10, 2013 for Defendant's Reply to the Government's brief.  The Court set the date of February 12, 2013 for ruling on the Defendant's motions.  The time was excluded through February 12, 2013, to allow the Court time to consider and rule on the motions.

On February 12, 2013, the Court entered a Memorandum Opinion and Order, ruling on all of the Defendant's pretrial motions.

On February 27, 2013, the Court held a status hearing.  At this hearing the Defendant presented a number of oral motions which were denied in open court.  The Defendant contended that there were many more motions that the Court had not ruled on.  The Court

admonished Defendant that to be considered it was necessary for him to present the motions in open court which he had not done. The Defendant indicated that there were many more motions he intended to file and the Court advised him that the time for filing pretrial motions had elapsed but if he wanted the Court to consider additional motions he could ask leave of court to do so. The Defendant objected to stand-by counsel. The Court then stated that it was the Court's intention to set the case for trial. The following colloquy occurred:

> THE DEFENDANT: Your Honor, I object to that. I'm not ready for trial. There are pretrial motions that have not been answered. There's an objection in there.
>
> * * *
>
> THE COURT: All right. Here's what I'm going to do. I'm going to set the case for trial but I'll put the matter over a week. [Standby counsel was on trial and was not available.]
>
> THE DEFENDANT: Oh, Your Honor, I object. We don't have all the pretrial motions all yet-all resolved.
>
> * * *
>
> THE COURT: All right. We'll set the case for trial.
>
> MR. MADDEN (the Prosecutor): Could we maybe do it toward the end of the end of the year, Your Honor, so he has additional time to prepare.
>
> THE DEFENDANT: Okay, I thought that was over with here.

>     THE COURT:       No, I'm going to set the case for trial.
>                      How about September 16th?
>
>     THE DEFENDANT: Okay, I object.

The Court then excluded time until September 16, 2013 in the interests of justice to allow Defendant time to prepare for trial.

On February 28, 2013, the next day, the Defendant filed an Interlocutory Appeal to the Seventh Circuit Court of Appeals. The Appeal remained pending until it was dismissed for lack of jurisdiction on June 10, 2013. Thus, there existed an independent reason to exclude time under Section 3161(h)(c).

On June 26, 2013, the Government filed a Motion to test Defendant's competency to represent himself. The Motion was presented in court on June 26, 2013. On that date, the Defendant's father appeared and advised the Court that the Defendant had taken ill and was in the hospital for possible gall bladder surgery. The case was continued for status until July 10, 2013. The time was excludable due to the Defendant's illness.

On July 10, the status was held and the Defendant presented this Motion to Dismiss. The Government also presented its Motion to determine the Defendant's competency, to which the Defendant objected. The Defendant also advised the Court that he was being advised by an attorney who was not available to enter his appearance until after July 31, 2013. The Court then set a status date for August 20, 2013, to enable Defendant's attorney to appear. The time is excludable for continuity of counsel.

The Defendant takes the position that the Court, in granting exclusions based on the interest of justice, failed to make detailed findings as to the balancing between the interests of justice, and the public's and the defendant's right to a speedy trial. However, as explained in *United States v. Wasson*, 679 F.3d 938 (7th Cir. 2012), the ends-of-justice factors need not be articulated contemporaneously on the record. Although the record does adequately show the various reasons while the case has been continued from time to time, the Court will now expand on the reasons why the continuance met the ends-of-justice standard.

The Defendant has been without legal counsel since he discharged his retained attorney at the first status hearing before the Court. The next three continuances were granted to give the Defendant time to hire new counsel if he chose to do and to make the determination whether the Defendant could competently waive his right to counsel. The Defendant has taken the position that he cannot be forced to have a standby counsel appointed to assist him but in taking this position he states that he is not waiving his right to counsel. The Court set a trial date some six months in advance over the strenuous objection of the Defendant who stated that this did not allow him sufficient time to prepare for trial. In addition, as pointed out above, the Defendant took an interlocutory appeal which took almost four months to resolve. The net result of all of the above is that there is approximately two

weeks of time to date that has run on the speedy trial clock, *i.e.*, (1) the time between the rendering of the courts Memorandum Opinion and Order denying Defendant's Pretrial Motions on February 12, 2012; and (2) February 27, 2013, when the Court held the first post-Order status.

One final note.  Although this case is not particularly complicated from the standpoint of an experienced criminal defense attorney, the Court finds that from the standpoint of a *pro se* defendant, the case is complicated and hence, the Court, when setting the case for trial, picked a date approximately seven (7) months out in the interests of justice to give the Defendant sufficient time to prepare.

Because there was no error committed by the Court in excluding time the Motion to Dismiss the Indictment is denied.

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Date:7/11/2013