*USA*
*Michele D. Casola*

*12 cr 446*
*Judge Leinenweber*
*Jury Instructions*

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.



*9-18-2014*
**FILED**
SEP 1 8 2014
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

INSTRUCTION NO. 1

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of bank fraud, making false statements to a financial institution and wire fraud. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

INSTRUCTION NO. 2

2

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

INSTRUCTION NO. 4

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

INSTRUCTION NO. 5

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

INSTRUCTION NO. 6

6

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

INSTRUCTION NO. 7

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

INSTRUCTION NO. 8

8

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. 9

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

INSTRUCTION NO. 10

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

INSTRUCTION NO. 11

Count One of the indictment charges the defendant with bank fraud. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.    There was a scheme to defraud Amcore Bank or to obtain money, or other property owned by, or in the custody or control of Amcore Bank by means of false or fraudulent pretenses, representations or promises as charged in the indictment; and

2.    The defendant knowingly executed the scheme; and

3.    The defendant acted with the intent to defraud; and

4.    The scheme involved a materially false or materially fraudulent pretense, representation, or promise; and

5.    At the time of the charged offenses the deposits of Amcore Bank were insured by the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count One, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count One, then you must find the defendant not guilty of Count One.

INSTRUCTION NO. 12

12

Count Two of the indictment charges the defendant with making a false statement to a financial institution. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. The defendant made a false statement to a financial institution, in this case specifically to Amcore Bank; and

2. At the time the defendant made the statement, he knew it was false; and

3. The defendant made the statement with the intent to influence the action of the financial institution concerning a loan; and

4. The accounts of Amcore Bank were insured by the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Two, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Two, then you must find the defendant not guilty of Count Two.

INSTRUCTION NO. 13

Count Three of the indictment charges the defendant with wire fraud. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.      That the defendant knowingly devised or participated in a scheme to defraud CitiMortgage; and

2.      That the defendant did so with the intent to defraud; and

3.      The scheme to defraud involved a materially false or materially fraudulent pretense, representation, or promise; and

4.      That for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Three, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to Count Three, then you must find the defendant not guilty of Count Three.

INSTRUCTION NO. 14

14

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

INSTRUCTION NO. 15

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another or the potential loss of money or property to another.

INSTRUCTION NO. 16

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

In considering whether the government has proven a scheme to obtain moneys, funds, credits, assets, securities, or other property from a bank by means of false pretenses, representations or promises, the government must prove at least one of the false pretenses, representations, promises, or acts charged in the portion of the indictment describing the scheme. However, the government is not required to prove all of them.

A scheme to defraud a bank means a plan or course of action intended to deceive or cheat that bank or to obtain money or property or to cause the potential loss of money or property by the bank.

INSTRUCTION NO. 17

A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

INSTRUCTION NO. 18

A bank that is insured by the Federal Deposit Insurance Corporation is a "financial institution".

INSTRUCTION NO. 19

For the purpose of the charge of making a false statement to a bank, as charged in Count Two of the indictment, the government is not required to prove that the false statements the defendant made were material.

INSTRUCTION NO. 20

The government does not need to prove that, at the time the defendant committed the offenses of bank fraud, or making false statements to a financial institution, the defendant knew that the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

INSTRUCTION NO. 21

Facsimiles constitute transmission by means of wire communication.

INSTRUCTION NO. 22

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause interstate wire communications to take place, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of a person or an organization.

INSTRUCTION NO. 23

For purposes of the wire fraud charge, in considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promise charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

INSTRUCTION NO. 24

The bank and wire fraud statutes can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

INSTRUCTION NO. 25

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

INSTRUCTION NO. 26

If the defendant acted in good faith, then he lacked the intent to defraud required to prove the offenses of bank fraud, false statement to a financial institution and wire fraud charged in Counts One, Two and Three of the indictment. The defendant acted in good faith if, at the time, he honestly believed the truthfulness of the income information that the government has charged as being false.

The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud as charged in Counts One, Two and Three of the indictment.

A defendant's honest and genuine belief that he will be able to perform what he promised is not a defense to fraud if the defendant also knowingly made false and fraudulent representations.

INSTRUCTION NO. 27

It is not a defense to fraud to blame the victim of the fraud for being duped or for being negligent.

INSTRUCTION NO. 28

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

INSTRUCTION NO. 29

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

INSTRUCTION NO. 30

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

INSTRUCTION NO. 31

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

INSTRUCTION NO. 32

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

INSTRUCTION NO. 33

34